**No. 45168.**—Protests 38672–K, of etc., John Alban & Co. et al. (New York).

Opinion by KEEFE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, JANUARY 13, 1941

**No. 45169.**—Petition 6062–R of Stephen Rug Mills (Savannah).

WALKER, Judge: This is a petition filed under the provisions of section 489, Tariff Act of 1930, for remission of additional duties accruing by reason of undervaluation on entry of rugs imported from Belgium.

On the trial of the issue one Seymour Rubin, who identified himself as office manager of the petitioning corporation and stated that he had control of the management of importations therefor, testified that at the time of the entry in question he had been advised by the customs broker who made entries for the petitioner at New York that an investigation was being conducted as to the value of the type of merchandise involved, and for that reason entry was, in each case, made at the invoice value.   The witness testified that an arrangement was made with the customs authorities at the port of New York to permit amendment of the entries after completion of the investigation, but that for some unexplained reason there was a failure to make the same arrangement with the customs authorities at Savannah.   There were, he said, many entries made through the port of New York, all of which were handled satisfactorily according to the arrangement, and the entry here involved was the only one made at Savannah.

The petitioner's customs broker, who handled the entries made at the port of New York, testified that he failed to advise the customs broker who made the entry at Savannah of the arrangements made at the port of New York, and instructed him to enter at the invoice price with the intention of later furnishing him with the correct price as indicated by the investigation, so that amendment of the entry could be made.   Before that could be done, however, the merchandise had come under the observation of the appraiser for the purpose of appraisement, and the advance, which resulted in the additional duties here sought to be remitted, was made.

We are satisfied that while the undervaluation in the present instance was the result of carelessness on the part of the petitioner's employees or agents, it was not such wanton carelessness or disregard of the obligation not to deceive or mislead the Government officials as would be considered tantamount to wilful intention to defraud the revenue.   The course of conduct of the petitioner's employees and agents and the frank assumption of blame taken at the trial negative any conclusion that actual intent to defraud the revenue existed, and on the record made judgment will issue granting the prayer of the petition.